Dear Honorable Poulos,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Does Senate Bill No. 33 violate the constitutional requirementthat every act of the Legislature embrace only one subject?
Senate Bill No. 33, provides for the recreation of eight state boards These boards were due to terminate under the Sunset Laws on July 1, 1979. The title of the Act, states that it amends those statutes which originally created the various boards, recreated the boards and also sets forth provisions relating to membership and organizational procedure.
Oklahoma Constitution Article V, Section 57 provides the following:
 "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statute; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: Provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."
Although the Constitution requires only one subject per legislative act, it also requires that when a law is "revived, amended, or the provisions thereof extended or conferred", that the portion revived or amended be re-enacted and set out at length. Board of County Commissioners of Tulsa County v. Oklahoma Tax Commission et al., (City of Tulsa et al.) Interveners 212 P.2d 462 (1949) .
In the instant case, Senate Bill No. 33, amends as well as revives, those statutes which created the eight state boards and it is there fore necessary for them to be set out at length.
In regard to the issue of subject matter, the general subject of the act is "recreation of state boards." The "details providing for the accomplishment of the purpose will be regarded as necessary incidents." In re Powell, 6 Okla. Cr. 495 120 P. 1022 (1912).
Therefore, the fact that the act contains provisions relating to membership on the various boards, and salary considerations, does not render the act unconstitutional. The matters of membership, salary, and duties have a logical and natural connection to the general subject expressed in the title of the Act.
It is, therefore, the opinion of the Attorney General that EnrolledSenate Bill No. 33 does not violate Oklahoma Constitution Article V,Section 57, which requires that every legislative act contain only onesubject.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
KAY HARLEY JACOBS, ASSISTANT ATTORNEY GENERAL